**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SARAY MOM,

*Defendant-Appellant.*

No. 02-4058

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-211)

Submitted: July 25, 2002

Decided: September 23, 2002

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Samuel P. Simpson, V, MONTGOMERY & SIMPSON, L.L.P., Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Sara E. Flannery, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Saray Mom appeals his conviction for possession with intent to distribute MDMA, in violation of 21 U.S.C.A. § 841(a)(1) (2000). Mom asserts the district court erred in denying his motion to suppress drugs found on his person. Finding no error, we affirm.

We review the factual findings underlying a motion to suppress for clear error, while reviewing legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we view the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Mom contends the arresting officers did not have reasonable suspicion to justify seizing him. We have reviewed the circumstances surrounding the stop of the vehicle in which Mom was a passenger and the seizure of Mom and find that reasonable suspicion of criminal activity existed. *See Whren v. United States*, 517 U.S. 806, 809-10 (1996); *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968).

Mom contends the district court erred in determining his consent to search his person was voluntary. We review the district court's factual findings on consent under a clearly erroneous standard. *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). The Government must establish knowing and voluntary consent by a preponderance of the evidence, which is assessed under a totality of the circumstances test. *Id*. With these standards in mind, we find no error in the district court's determination that Mom voluntarily consented to a search of his person.

Accordingly, we affirm Mom's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*